Larry KESTERSON,
*Respondent,*

*v.*

Jack D. LEWIS,
aka J.D. Lewis,
dba Elite Land and Timber Co., Inc.,
an Oregon corporation,
*Appellant.*

(91-0610; CA A76173)

868 P2d 1350

Daniel N. Gordon argued the cause and filed the briefs for appellant.

Daniel Cross argued the cause for respondent. On the brief was Richard W. Todd.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals a judgment awarding plaintiff $15,000 for breach of contract. He contends that the trial court erred in trying the case without an explicit waiver of his right to a jury trial and in not granting him a continuance. We affirm.

Plaintiff, claiming that defendant owed him money on an oral contract, brought this breach of contract action. Six weeks before trial, the court authorized defendant's attorney to withdraw from representing defendant. At that time, the attorney advised defendant that the court had set a date for trial, and that defendant would not be granted a continuance as a result of the attorney's withdrawal. Defendant acknowledged at that time that he needed to be prepared to try his case on the date set for trial. Defendant arrived at trial without counsel. He claimed that he had retained another attorney, but that she could not be in court that day.[1] Defendant requested a continuance, but the trial court denied it. The court told defendant that, because he knew the date of trial, he should have determined at the time he retained his new attorney that she would be available for trial. Next, the trial court asked the parties whether plaintiff's claim was set for a jury trial. The following colloquy then occurred:

"[PLAINTIFF'S COUNSEL]: It's my understanding that at the time of the judicial settlement conference we agreed to waive a jury trial.

"THE COURT: Is that correct, [defendant]?

"[DEFENDANT]: I'm not aware of that. I couldn't say yes or no. There was a lot of things happening. * * * I see no reason to doubt it, though.

"* * * * *

"THE COURT: * * * the record * * * shows that [plaintiff] claim[s] that the jury was waived, and [defendant] doesn't disagree with that. But my understanding of the rule is that there must be a stipulation in writing or in — orally. Are you satisfied with the record at this point?

"[PLAINTIFF'S COUNSEL]: Yes I am, your Honor."

---

[1] The record does not contain any notice of appearance for that attorney.

Defendant made no objections to proceeding to trial without a jury. He asserts his right to a jury trial for the first time on appeal.

■ Defendant's first assignment of error, as we understand it, is that he did not waive his right to a jury trial, and that the court therefore erred by trying the case without a jury. Defendant argues that the right to a jury trial must be formally waived and that ORCP 51C establishes the methods for such a waiver. ORCP 51C provides, in part:

"The trial of all issues of fact shall be by jury unless:

"(1) The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial without a jury[.]"

The Supreme Court discussed ORCP 51C in *Rexnord Inc. v. Ferris*, 294 Or 392, 657 P2d 673 (1983). In *Rexnord*, the plaintiffs filed a complaint seeking injunctive relief, compensatory damages and punitive damages. At trial, the court found that the defendants' tortious conduct supported an award of punitive damages. However, it determined that it could not award both injunctive relief and punitive damages in one proceeding. The Supreme Court disagreed and concluded that the joinder of a request for injunctive relief did not preclude an award of punitive damages. The defendants argued that the judgment should be affirmed, because they were entitled to have a jury decide the punitive damages claim. The plaintiffs argued that the defendants had waived their right to a jury trial, because they asserted that right for the first time on appeal.

After reviewing several cases involving *former* ORS 17.035,[2] the predecessor to ORCP 51C, the Supreme Court held that "a party can waive a right to jury trial by failure

---

[2] *Former* ORS 17.035 provided:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following:

"(1) By failing to appear at the trial.

"(2) By written consent, in person or by attorney, filed with the clerk.

"(3) By oral consent in open court, entered in the minutes."

The statute was repealed in 1979. Or Laws 1979, ch 284, § 199.

timely to assert the right, even where an applicable statute would at first blush seem to require 'affirmative' action." 294 Or at 402. It also said that "a party should not be able to insist upon a jury trial after a case has been submitted to the court for decision without objection * * *." 294 Or at 402.

Defendant attempts to distinguish *Rexnord*, as a case involving both legal and equitable claims. He argues that "a long line of Oregon cases" has established that, in purely legal actions, the statutory means provided for waiver of jury trial are exclusive. The Supreme Court examined that question in *Schlegel v. Doran*, 260 Or 270, 490 P2d 163 (1971). In *Schlegel*, the plaintiffs sued the defendant to recover an amount equal to property taxes paid by the plaintiffs on a business that the defendant had purchased from them on a contract of sale. The defendant counterclaimed, alleging that the parties had rescinded the contract. The defendant asked the trial court for a jury trial on the counterclaim, but it refused. The Supreme Court said that, because the defendant had not waived his right to a jury trial, the trial court erred in denying that right. However, the Supreme Court concluded that the defendant was not prejudiced by the trial court's failure to give him a jury trial, because the defendant "did not make out a case on his counterclaim sufficient to submit to a jury." 260 Or at 275.

The court then examined whether *former* ORS 17.035 required it to send the matter back for a jury trial. After referring to the same cases cited here by defendant, the court said:

> "We believe that a party should not be able to insist upon a jury trial after a *law case* has been submitted to the court without objection and the court has decided it adversely. There is no legitimate reason for giving a party two bites at the apple. One is enough. The protection of the constitutional right of trial by jury does not necessitate a different rule, and we believe that the statute was not intended to cover situations where a case is submitted to the court without objection and a decision is made." 260 Or at 277. (Emphasis supplied.)

Although the analysis in *Schlegel* is based on *former* ORS 17.035, "[i]n view of the similarity between ORCP 51C and ORS 17.035, [the Supreme Court's] previous decisions are

relevant on the question of whether [defendant] waived [his] right to a jury trial." *Rexnord Inc. v. Ferris, supra,* 294 Or at 400. The court in *Schlegel* specifically discussed the effect of a party's failure to request a jury trial in an action at law: The party may not insist on a jury trial after the case has been submitted to the court without objection and the court has decided it adversely.

■      We are persuaded that the discussion of waiver of the right to a jury trial in *Schlegel* and *Rexnord* is applicable to a case that is exclusively at law, even though those cases involved both equitable and legal issues. The analysis in *Schlegel* included a discussion of the circumstances under which a party could lose the right to insist on a jury trial in a case at law. The analysis in *Rexnord* referred to that specific part of *Schlegel*. Moreover, the Supreme Court has not held that the requirements for waiver of a jury trial found in ORCP 51C constitute a mandate of strict compliance in a case exclusively at law. ORCP 51C(1) provides that the right to a jury trial may be waived by an oral or written stipulation. However, the Supreme Court has interpreted that rule to mean that a waiver may be implied from a party's conduct as an abstract proposition. We conclude that a party can waive the right to a jury trial in ways other than those described in ORCP 51C, even if the case is exclusively at law.

In this case, defendant had six weeks to retain an attorney who could represent him on the day scheduled for trial. He did not disagree that the parties had waived a jury trial during the pretrial settlement conference. More importantly, he did not object to a trial without a jury. Just as in *Rexnord*, defendant raises the issue of his right to a jury trial for the first time on appeal. We conclude that under the totalities of the circumstances of this case, defendant waived his right to a jury trial by standing silent while the case was tried to its conclusion before the court.

■      Defendant next assigns error to the trial court's refusal to grant him a continuance. We review a trial court's refusal to grant a continuance for abuse of discretion, *Smith and Smith,* 65 Or App 309, 312, 671 P2d 768 (1983), and find none here.

Affirmed.