822 August 20, 2025 No. 751

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BORWICK485, LLC,
*Plaintiff-Respondent,*

*v.*

William HART
and all others,
*Defendant-Appellant.*

Washington County Circuit Court
24LT05603; A184164

Elizabeth R. Lemoine, Judge pro tempore.

Submitted July 23, 2025.

William Hart filed the brief *pro se.*

Kuranda Kasatka and Murphy Law Group, P.C., filed the brief for respondent.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

KAMINS, P. J.

Affirmed.

**KAMINS, P. J.**

In this forcible entry and detainer (FED) action, tenant, appearing *pro se*, appeals a judgment of eviction in which the trial court determined that he had engaged in conduct that "seriously threaten[ed] to inflict substantial personal injury *** upon a person on the premises other than the tenant." ORS 90.396(1)(a). He assigns five errors. We affirm.[1]

Tenant first contends that he was entitled to a jury trial. Below, tenant wrote "jury fee" on the fee waiver form—which was subsequently crossed out—and he did not request a jury in his answer or at any point before or during the trial. Assuming that tenant's "jury fee" notation on the fee waiver form sufficiently amounted to a request for a jury, he waived that request "by standing silent while the case was tried to its conclusion before the court." *Kesterson v. Lewis*, 126 Or App 329, 334, 868 P2d 1350, *rev den*, 319 Or 80 (1994).

In his second assignment of error, tenant contends that the complaint failed to state a claim, ORCP 21 A(1)(h), and that the trial court erred in concluding otherwise. "Whether the facts alleged are sufficient to state a claim for relief is a question of law." *Huskey v. Dept. of Corrections*, 373 Or 270, 276, 564 P3d 142 (2025). The allegations against tenant included that tenant "rush[ed]" another tenant, P, solicited people in the neighborhood to hurt P, confiscated all of the kitchen knives from the common kitchen, and made the other tenants feel unsafe with his conduct. That was sufficient to state a claim pursuant to ORS 90.396. *See* ORS 90.396(1)(a) (authorizing a landlord to terminate a rental agreement if the "tenant *** seriously threatens to inflict substantial personal injury, *** upon a person on the premises").

In his third assignment of error, tenant contends that landlord's LLC did not have standing to evict him, because tenant contracted with landlord in his individual capacity in April 2023, and the LLC that now owns the home was not formed until December 2023. However, as

---

[1] Based on our disposition, we deny as moot landlord's motion to amend his answering brief.

landlord points out, tenant's argument is unpreserved. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court ***."). Tenant did not raise that issue in his answer, to the trial court, or to landlord during his cross-examination. Thus, tenant's argument is unpreserved. Tenant does not request plain error review, and we will not undertake that analysis unless we are explicitly asked to do so. *State v. McIntire*, 328 Or App 328, 335-36, 537 P3d 608 (2023), *rev den*, 372 Or 26 (2024).

In his fourth and fifth assignments of error, tenant contends that the evidence was not sufficient to demonstrate his threats were "actionable" because the "record is wholly void of any actual punching attempts." In an FED appeal, "we review the trial court's legal conclusions for errors of law, and we are bound by the trial court's findings of fact if there is any evidence to support them." *Home Forward v. Graham*, 287 Or App 191, 193, 401 P3d 797, *adh'd to as modified on recons*, 288 Or App 227, 404 3d 1151 (2017), *rev den*, 362 Or 482 (2018). And we "presume that the trial court implicitly resolved factual disputes in a manner consistent with its ultimate conclusion." *Id.*

The evidence supports the trial court's conclusion that tenant "seriously threatened" P. Tenant posted a note on P's door, which offered a sum of money to injure P, and when P took down the note, tenant confronted him "aggressive[ly]," commenting that he would "derive a lot of pleasure by" attacking P. That incident only de-escalated because another tenant intervened. The evidence also includes text message exchanges between tenant and landlord in which tenant wrote that he would "be able to find someone" in the neighborhood to hurt P. That evidence was sufficient to permit the trial court to conclude that tenant "seriously threaten[ed] to inflict substantial personal injury, *** upon a person on the premises[.]" ORS 90.396(1)(a).[2]

Affirmed.

---

[2] Tenant also contends that his conduct was not "outrageous in the extreme," appearing to rely on ORS 90.396(1)(f), which authorizes a landlord to terminate a lease agreement if the "tenant *** commits any act that is outrageous in the extreme[.]" However, the trial court relied on ORS 90.396(1)(a), not (1)(f), in order to enter a judgment of eviction.